UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**BUILDING TRADES UNITED PENSION TRUST FUND,
SCOTT REDMAN (in his capacity as Trustee),**

**INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION FUND,**

**WISCONSIN MASONS HEALTH FUND, WISCONSIN
MASONS JOINT APPRENTICESHIP and TRAINING
FUND and JAMES VICK (in his capacity as Trustee),**

**BRICKLAYERS & TROWEL TRADES INTERNATIONAL
PENSION FUND, INTERNATIONAL MASONRY INSTITUTE,**

**BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,**

                Plaintiffs,

v.                                                                                     Case No.  cv-20-37

**MORTL RESTORATION, INC.,**

                Defendant.
_____
## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdictional and Venue

1.    Jurisdiction of this Court upon Defendant Mortl Restoration, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947

("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the some of the Plaintiffs are administered at their offices located in Dane County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, WI 53224.

- 2 -

5. Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

6. Plaintiffs Wisconsin Masons Health Care Fund, Wisconsin Masons Joint Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

7. Plaintiff James Vick is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. James Vick maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

8. Plaintiffs Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute ("IMI") are employee benefit plans within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

9. Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

10. Mortl Restoration, Inc. is a domestic corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 610 North 119th Street, Wauwatosa, Wisconsin 53226. The company's registered agent for service of process is James A. Mortl, 610 North 119th Street, Wauwatosa, Wisconsin 53226.

**Facts**

11. Mortl Restoration is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

12. For all times relevant, Mortl Restoration was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the International Union of Bricklayers and Allied Craftworkers, Local No. 8, District Council of Wisconsin ("Bricklayers Union").

13. The Labor Agreements described herein contain provisions whereby Mortl Restoration agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

14. By execution of said Labor Agreements, Mortl Restoration adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board

of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

    15.    By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Mortl Restoration has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

    b.    to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c.    to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

    d.    to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

      g.    to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

16. Mortl Restoration has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a.    failing to make continuing and prompt payments to the Funds as required by the Labor Agreements and trust agreements for all of Mortl Restoration's covered employees; and

    b.    failing to accurately report employee work status to the Plaintiffs.

17. Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

    (2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

        (A)    the unpaid contributions,

        (B)    interest on the unpaid contributions,

        (C)    an amount equal to the greater of --

            (i)    interest on the unpaid contributions, or

            (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

        (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

        (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

18. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

19. Under the collective bargaining agreements between Mortl Restoration and the Bricklayers Union, contributions are due by the end of month in which the work was performed, but no later than the fifteenth (15th) day of the following month, after which time the employer is delinquent and assessed liquidated damages equal to 20% of the unpaid contributions, plus interest equal to 1.5% of the unpaid contributions per month.

20. Between January 1, 2015 through September 30, 2019, Mortl Restoration failed to remit timely contributions to the Plaintiffs pursuant to the terms of the collective bargaining agreement between the Bricklayers Union and Mortl Restorations, resulting in the accrual of interest assessments and liquidated damages.

**Claim One Against Mortl Restoration, Inc.**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

21. As and for a first claim for relief against Mortl Restoration, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22. Mortl Restoration has breached its collective bargaining agreement with the Bricklayers Union by failing to remit timely contributions to the Plaintiffs for all

acknowledged hours that they worked in during the period January 2015 through September 2019.

23. Because, as the Fund is informed and believes, Mortl Restoration has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Funds is reduced, the Funds' income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plan have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

24. Because Mortl Restoration has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

25. As the third-party beneficiaries of the collective bargaining agreement between the Bricklayers Union and Mortl Restoration, Plaintiff Funds are entitled to recover, for the unpaid contributions described in paragraphs 19 and 20 of the Complaint, an amount equal to the full unpaid contributions, plus interest at 1.5% per month, plus liquidated damages equal to 20% of the full unpaid contributions.

## Claim Two Against Mortl Restoration, Inc.
## Violation of LMRA § 301 (29 USC § 185)

26. As for a second claim for relief against Mortl Restoration, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 26 above and incorporate same as though fully set forth herein word for word.

27. Mortl Restoration deducted working dues from its employees' paychecks, such working dues owed to the Union, but failed to submit same to the Union in a timely fashion.

28. Because, as the Union and the IAP/CA Fund are informed and believe, Mortl Restoration has not paid timely and prompt working dues on behalf of the Union and contributions to the IAP/CA Fund, the Union's and the IAP/CA Fund's incomes are reduced, and their participants and members may be forced to pay working dues out of pocket; even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and the Union and the IAP/CA Fund are entitled to all of the remedies provided by the LMRA.

29. The Plaintiff Union and IAP/CA Fund are entitled to all working dues and contributions that they should have but did not receive as a result of Mortl Restorations violations outlined in paragraphs 28 and 29, plus all liquidated damages and interest that they are entitled to pursuant to the agreements.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiff Funds and Union against Mortl Restoration for all contributions and working dues owed to them for the time

period after January 1, 2015, plus all appropriate interest and liquidated damages;

2. Actual attorney fees and costs incurred by the Plaintiffs in prosecuting Counts I and II of the Complaint;

3. For such other, further, or different relief as the Court deems just and proper.

Dated this _____ day of January 2020.

        s/Christopher Ahrens
Christopher J. Ahrens (SBN 1043237)
Yingtao Ho (SBN 1045418)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com